UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEORGE CLINTON WILSON,

                    Petitioner,

                                        Case No. 18-cv-1652-pp

        v.

RANDALL HEPP,[1]

                    Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING MOTION FOR STATUS UPDATE ON *HABEAS* SCREENING AND DENYING WITHOUT PREJUDICE REQUEST FOR COUNSEL (DKT. NO. 7), SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

        On October 17, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his June 27, 2014 conviction in Milwaukee County Circuit Court for first-degree reckless injury with the use of a dangerous weapon, endangering safety by use of a dangerous weapon and four counts of first degree recklessly endangering safety with the use of a dangerous weapon. Dkt. Nos. 1; 1-1 at 1. With his petition, the petitioner filed a motion to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. About three weeks later, he provided the court with a copy of his

_____

[1] Under Rule 2 of the Rules Governing Habeas Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is an inmate at Waupun Correctional Institution; this order reflects Warden Randall Hepp as the respondent. Dkt. No. 41.

1

certified trust account statement. Dkt. No. 5. In July 2019, the petitioner filed a motion asking for a status update and asking the court to recruit a lawyer to represent him. Dkt. No. 7.

This order screens the petition under Rule 4 of the Rules Governing §2254 Cases, grants the motion to proceed without prepaying the filing fee, dkt. no. 2, grants in part and denies without prejudice in part the motion for a status update on the screening and for appointment of counsel, dkt. no. 7, and requires the respondent to answer or otherwise respond.

## I.      Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The request indicates that the petitioner has no assets—no bank account, no retirement account, no investments, no real estate and no valuable other assets. Id. at 2. It also indicates that the petitioner owes a substantial amount in court costs and fees. Id. The petitioner's trust account statement showed that as of October 24, 2018, he had an end balance of $2.05 with an average monthly balance of $1.46. Dkt. No. 5. The court will grant the petitioner's request to proceed without prepaying the filing fee.

## II.      Motion for Status Update and to Appoint Counsel (Dkt. No. 7)

About nine months after he filed his *habeas* petition, the petitioner filed a motion for a status update on the screening of his petition and asking the court to appoint him a lawyer. Dkt. No. 7. Regarding his request for a lawyer, the petitioner stated that he had been receiving assistance from a jailhouse

2

lawyer, but that that inmate was scheduled to leave prison, at which point the petitioner would "be left to litigate this matter on his own." Id. at 1. He explained that he never had filed anything in court, either through a lawyer or on his own, and that his case requires knowledge about how the Supreme Court tells lawyers to conduct their affairs with their clients and the standards applicable to investigation of alibi witnesses. Id. at 2. He said that he is unable to afford counsel. Id. The petitioner claimed he has made a reasonable effort to secure counsel, but provided no proof. Id.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit Court of Appeals has held that "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," although it notes that a district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating motions to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it[.]" Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

3

The petitioner has not satisfied the first step of the process—he has not demonstrated that he has tried to find a lawyer on his own. Even if he had satisfied the first step, the court would not appoint counsel at this stage. While the court understands that he had help, the petitioner has presented enough information—and has presented it clearly enough—for the court to be able to screen his petition. The next step in the process will be for the respondent to answer or otherwise respond to the petition. Once the respondent has responded, the court will give the petitioner an opportunity to file a brief supporting the claims in his petition. If at that point the petitioner believes he cannot explain why he is entitled to the relief he requests, he may renew his motion. If he does renew his motion, however, the plaintiff must show the court that he unsuccessfully tried to find a lawyer on his own (by providing the court with letters from at least three lawyers who declined to represent him), and he must explain why the case is so complex that he cannot present it himself.

### III.  Rule 4 Screening

A.  <u>Background</u>

On February 1, 2014, the State of Wisconsin charged the petitioner with several crimes in connection with a shooting that occurred in Milwaukee County in December of 2013. Dkt. No. 1-1 at 4. At trial, Attorney Richard Johnson represented the petitioner. <u>Id.</u>

In June of 2014, a Milwaukee County jury convicted the petitioner of first-degree reckless injury with the use of a dangerous weapon, endangering safety by use of a dangerous weapon, and four counts of first-degree recklessly

endangering safety with the use of a dangerous weapon. Dkt. No. 1-1 at 1. The court's combined sentence resulted in sixty-seven years of imprisonment: twenty-four years of incarceration followed by forty-three years of extended supervision. Id. at 2.

On May 3, 2016, the petitioner filed a motion for a new trial in the Milwaukee County Circuit Court. See State v. Wilson, Milwaukee County Case No. 14CF000442 (available at https://wcca.wicourts.gov ). He asserted that Attorney Johnson "had been ineffective for failing to investigate an alibi defense." Id. at 19. The petitioner provided the court with "an affidavit stating that at the time of the shooting, he was living in Janesville." Id. The petitioner "averred that he had told [Attorney Johnson] this 'at least one month before trial.'" Id.

Three months later, the circuit court conducted a Machner hearing. Id. at 2. At the hearing, the court heard testimony from the petitioner, Attorney Johnson, "two witnesses whose testimony purported to support [the petitioner's] unpresented alibi defense" and an investigator from the Wisconsin State Public Defender's Office Id. at 20, 22; see also id. at 30-36. Both Attorney Johnson and the petitioner testified regarding their communications with each other, leading up to and during the trial, regarding a potential alibi defense. Id. at 20-21. Jennifer Jones testified about the petitioner living with her and the petitioner's brother in December of 2013. Id. at 21. The investigator for the State Public Defender's Office testified about his ability to pursue alibi witnesses. Id. at 22. Finding Attorney Johnson's testimony more credible "than

5

the testimony of others," and noting that "it believed the conclusions of law as submitted by the State," the court denied the motion for a new trial. Id.

In October 2016, the petitioner appealed his conviction and the order denying postconviction relief. Dkt. No. 1-1 at 15; see also State v. Wilson, Wisconsin Court of Appeals Case No. 16AP002006 (available at https://wscca.wicourts.gov). On appeal, the petitioner asserted that his trial counsel was ineffective for failing to investigate the possible alibi. Id. at 24. The Wisconsin Court of Appeals affirmed the judgment and order on January 23, 2018, concluding that the petitioner "failed to meet his burden of showing deficient performance and any reasonable probability of a different result." Id. at 15, 28. Four months later, the Wisconsin Supreme Court denied review. Id. at 29. Five months after that, the United States Supreme Court denied review. State v. Wilson, Wisconsin Court of Appeals Case No. 16AP002006 (available at https://wscca.wicourts.gov).

This petition followed. The petitioner asserts two grounds for relief, both under the Sixth Amendment. First, he argues that he received ineffective assistance of counsel. Dkt. No. 1 at 6. Second, he alleges that the State of Wisconsin violated his right to a fair trial. Id. at 7.

B.    Standard

Rule 4 of the Rules Governing § 2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

6

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner has alleged that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court may grant the petition only if the petitioner is in custody as a result of (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his habeas petition within one year of judgment becoming final. 28 U.S.C. §2254(d)(1)(A). The prisoner must exhaust the remedies available in the state courts before the federal district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petitioner to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

7

Finally, even if a petitioner has exhausted a claim, the district court may be unable to consider the claim if the petitioner did not raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C.    Analysis

The petitioner's ineffective assistance claim stems from the alleged failure of his trial counsel to investigate and present exculpatory alibi witnesses. Dkt. No. 1 at 6. He argues that his trial counsel, Attorney Johnson, performed ineffectively "when [Attorney Johnson] chose to conduct no independent investigation into Petitioner's potential alibi witnesses and demanded that the Petitioner . . . provide an address and phone number of the potential alibi witness[.]" Id. The petitioner contends that prior to trial, he advised his counsel of "the potentiality of [] alibi witnesses but had access to neither their addresses nor phone numbers." Id. He asserts that the Wisconsin courts misapplied the Strickland standard when they reviewed his ineffective assistance of counsel claim on postconviction and appellate review. Id. at 7.

The petitioner also contends that Wisconsin violated his Sixth Amendment right to a fair trial. Id. Specifically, he asserts that Wisconsin "created precedence contrary to well-established supreme court law permitting the Courts in the State of Wisconsin to determine the credibility of an uncalled witness and assume[d] the jury would have given more weight to other

8

witnesses' testimony disallowing [the] jury to hear the uncalled witness' testimony." Id.

The petitioner has stated two potentially cognizable *habeas* claims. The court has concerns about whether the petitioner procedurally defaulted his fair trial claim in the Wisconsin courts. At this early stage, however, the court cannot say that it plainly appears that the petitioner is not entitled to relief in the district court.

## IV. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his *habeas* petition.

The court **GRANTS** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

By way of this order, the court **GRANTS** petitioner's motion for a status update on the *habeas* screening. Dkt. No. 7.

The court **DENIES WITHOUT PREJUDICE** petitioner's request for counsel. Dkt. No. 7.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2554 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

9

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to receive them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice

(through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 29th day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

11